UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COURTNEY BATEMAN, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:07CV1991-DJS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

On August 30, 2006, in United States v. Courtney Bateman, 4:06CR262-DJS, movant Courtney Bateman pled guilty before this Court to a charge of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). On January 19, 2007, the Court sentenced Bateman to 120 months' imprisonment, to be followed by a two-year term of supervised release. No direct appeal was taken. Now before the Court is Bateman's motion pursuant to 28 U.S.C. §2255 seeking to vacate, set aside or correct his sentence.

The Court construes Bateman's pro se motion to vacate as presenting a number of ineffective assistance of counsel arguments. To prevail on a claim of ineffective assistance of counsel, movant must show that his counsel's performance was deficient as a matter of constitutional law and that movant was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). A constitutionally deficient performance is one that falls

"outside the wide range of professionally competent assistance." Id. at 690. A defendant is prejudiced by deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A movant convicted upon his guilty plea must show that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

Bateman first contends that his attorney was ineffective for advising him that if he did not plead guilty he would be sentenced as an armed career criminal pursuant to 18 U.S.C. §924(e), which carries a fifteen-year mandatory minimum sentence. Bateman entered a plea of guilty and was sentenced to a ten-year prison term, the maximum under §924(a)(2). Bateman contends that his criminal history does not provide three felonies of the sort necessary for armed career criminal status. The Court construes Bateman's ground for relief to be that his guilty plea was not knowing and intelligent because counsel misled him to believe that he risked the armed career criminal mandatory minimum but that it could be avoided by a plea of guilty.

The record of the plea proceedings defeats movant's claim. The possibility of armed career criminal status was addressed in the plea agreement which movant executed, and was addressed with movant in court at the time of the plea. The Plea Agreement, Guidelines Recommendations and Stipulations provide:

2

> In certain situations under the provisions of Title 18, United States Code, Section 924(e) and Section 4B1.4 of the guidelines, the defendant may be subject to some or all of the following: a mandatory minimum sentence of fifteen (15) years, a maximum sentence greater than described above, an enhanced Criminal History Category, and an enhanced Offense Level. The defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea in this case in the event the Presentence Investigation Report determines the foregoing statute and guidelines apply to the defendant's sentence. The defendant does, however, retain the right to litigate these issues at sentencing.

<u>United States v. Courtney Bateman</u>, 4:06CR262-DJS [Doc. #30], p.9. Further, the transcript of the plea reflects that, under oath, movant represented that he had reviewed the plea agreement with his lawyer before signing it, and that the Court expressly advised movant of the possibility of the armed career criminal penalty of imprisonment of not less than 15 years. Gov't. Response to Show Cause Order [Doc. #12], Exh. 1, pp.4, 8.

The record clearly discloses that movant was advised that his guilty plea <u>did not</u> foreclose the possibility of the armed career criminal penalty enhancement. The Court therefore rejects his claim now that his decision to plead guilty was based on counsel's advice that a plea was necessary in hopes of avoiding the enhanced penalty. No objectively unreasonable performance by movant's counsel is demonstrated, and no resulting prejudice leading to movant's waiver of his right to trial is shown. The Court rejects movant's first claim as without merit.

Bateman next argues that the sentence of 120 months' imprisonment does not "reflect" his criminal history. Movant's Memo. in Support [Doc. #1-2], p.2. It is unclear what the legal or factual substance of this argument is. In any event, as a challenge to the propriety of his sentence, the argument is not cognizable on a motion under §2255, but should have been made on direct appeal. The Eighth Circuit has held that "garden variety" Sentencing Guidelines application issues are not cognizable in a §2255 motion. United States v. Perales, 212 F.3d 1110, 1111 (8th Cir. 2000); Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995). Furthermore:

> The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165...(1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987).

Reid v. United States, 976 F.2d 446, 447-48 (8th Cir. 1992). Bateman's second ground for relief is rejected as without merit.

Bateman seeks to supplement his §2255 motion [Doc. #3] with an ineffective assistance claim based on his counsel's failure to object at sentencing to the omission of an acceptance of responsibility adjustment in his offense level computation. This ground for relief is readily rejected, as a three-level acceptance of responsibility adjustment was applied in the computation of movant's imprisonment range under the Sentencing Guidelines. See

Presentence Investigation Report, <u>United States v. Courtney Bateman</u>, 4:06CR262-DJS [Doc. #41], p.3.

Further supplementing his contentions [Doc. #3], Bateman challenges his counsel's failure to object to the four-point offense level enhancement for possession of a firearm in connection with another felony offense, namely the attempted stealing of an automobile. <u>See</u> Presentence Investigation Report, <u>United States v. Courtney Bateman</u>, 4:06CR262-DJS [Doc. #41], p.3. On November 9, 2006, defense counsel filed objections to the presentence report or "PSR". <u>See</u> Doc. #32 in 4:06CR262-DJS. The first of these objections challenged the four-point enhancement, arguing that the conclusion was not supported by the stipulated facts in the case. The second objection was to the application of the armed career criminal provisions, which, as earlier noted, would have resulted in a prison term of at least 15 years.

The Supplemental Addendum to the Presentence Report, dated November 21, 2006, demonstrates that the Probation Office initially took the position that both the "other felony" enhancement and the armed career criminal status were correctly applied to movant. Several requests for continuance of the sentencing, filed by both counsel in the case, reflect the parties' efforts to resolve the sentencing disputes occasioned by defense counsel's objections to the presentence report. After revisions, the final version of the PSR, dated January 18, 2007, no longer treated movant as an armed career criminal, but retained the four-

point "other felony" increase. Ultimately, with the more significant armed career criminal issue mooted by a revision which counsel's objection initiated, defense counsel at sentencing withdrew the objection to the "other felony" increase. See Minutes [Doc. #40] in 4:06CR262-DJS.

Against this procedural background, movant fails to demonstrate that his counsel rendered ineffective assistance. Movant makes a very summary contention which does not establish that the "other felony" increase was unjustified, where he had stipulated in connection with his plea that he was arrested after being seen exiting a vehicle and dropping both a screwdriver and a firearm before fleeing. See Plea Agreement [Doc. #30] in 4:06CR262-DJS, p.7. Counsel's ultimate waiver of the objection, after considerable negotiations with the government, is not shown to be objectively unreasonable, particularly where counsel's other objection succeeded in the removal of the weighty armed career criminal classification. Movant fails to demonstrate a right to relief on this final supplemental ground.

Upon careful consideration of the record, including as necessary the underlying criminal file, the Court is convinced that the file and record of the case conclusively show that movant is not entitled to relief. Accordingly, no evidentiary hearing will be had, and the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 will be denied by a judgment entered separately herein this day.

Movant has filed a "Supplemental Motion" [Doc. #2] which has been docketed as a "Pro Se Motion regarding the timeliness of his 2255 filing."  As the §2255 motion is addressed on its merits, and no issue of timeliness is involved in the Court's analysis, the motion will be denied as moot.  Movant has also submitted a letter which the Court construes as a motion for copies of his presentence investigation report and sentencing transcript [Doc. #9], and an accompanying motion to proceed *in forma pauperis* [Doc. #10].  Title 28 U.S.C. §753(f) requires that transcripts be provided at government expense only upon certification by the Court that a §2255 motion already on file is not frivolous and that a transcript is needed to decide the issues presented.  The Court would apply the same rationale to the provision of free copies of other portions of the record in the criminal case.  These motions are also denied, as movant fails to demonstrate that the materials are needed to adequately argue the issues presented in his §2255 motion.

Accordingly,

**IT IS HEREBY ORDERED** that movant Courtney Bateman's "Pro Se Motion regarding the timeliness of his 2255 filing" is denied as moot.

**IT IS FURTHER ORDERED** that movant's motion for copies of his presentence investigation report and sentencing transcript

7

[Doc. #9], and accompanying motion to proceed *in forma pauperis* [Doc. #10] are denied.

Dated this ___10th___ day of November, 2009.

                                                /s/Donald J. Stohr
                                                UNITED STATES DISTRICT JUDGE